[No. 3283, July 30, 1927.]

STATE v. REGENTS OF UNIVERSITY OF NEW MEXICO.

[258 Pac. 571.]

### SYLLABUS BY THE COURT

1. Bonds issued by the University of New Mexico under the provisions of chapter 47, Laws 1927, are not obligations of the state, and no provision for taxation to provide interest and sinking fund need be made, and the approval by the voters need not be had.

2. Such bonds, when issued, will be the valid obligations of the University.

[1] 11CJ p. 994 n. 80 New. [2] 11CJ p. 994 n. 80 New. [3] 11CJ p. 994 n. 80 New.

3. A slight misnomer of the corporation in the contract is immaterial, where the identity of the corporation appears, or can be made to appear by parol.

Appeal from District Court, Santa Fe County; Holloman, Judge.

Suit by the Attorney General on behalf of the State against the Regents of the University of New Mexico for an injunction. From a judgment sustaining a demurrer, plaintiff appeals. Affirmed and remanded.

Robert C. Dow, Atty. Gen., for the State.

H. C. Denny, of Gallup, for appellee.

OPINION OF THE COURT

PARKER, C. J. This is a suit for an injunction brought in behalf of the State, by the Attorney General, seeking to enjoin the Regents of the University of New Mexico from putting out a bond issue of $190,000 of building and improvement bonds. A demurrer was interposed by the defendant and was sustained by the court, and plaintiff has appealed.

The bonds are proposed to be issued under the provisions of chapter 47, Laws of 1927, and are in exact accord with the requirements of the act. Appellant seeks to enjoin the proposed action upon several grounds.

[1] 1. The Attorney General argues that the proposed bonds are in effect the obligation of the state, and as such may be issued only in compliance with the provisions of section 8 of article 9 of the Constitution, which requires that any law authorizing any such debt shall provide for an annual tax levy sufficient to pay interest and provide a sinking fund, and each law shall be submitted to a vote of the people for approval, neither of which requirements have been complied with. The argument is unsound and based upon a false premise. It is true that the state holds the legal title to the lands granted by Congress, but there is nothing in the enabling act or the state Constitution preventing the state from making the state University and other state institutions the beneficiary of these grants, and empower-

ing them to make such use of the proceeds or income therefrom as it may be deemed proper, within the limits prescribed by the congressional legislation. In the case of the University, by section 11 of article 12 of the Constitution it was made owner of the state educational institutions, and by section 12 of the same article the lands granted or confirmed by the enabling act for University purposes were accepted and confirmed to it for such purposes. We have then a case where a grant of lands has been made to the state as trustee, for the use and benefit of the University as beneficiary, the income whereof may be used by the University in such manner as the state may by law provide, subject always to the restrictions of the congressional legislation, if any there are. In this case, however, there are no restrictions imposed. The Legislature therefore had power to authorize the University to make such use of its income as was deemed best. This is all that is contemplated by chapter 47, Laws 1927, and all that is proposed by the University. It proposes to contract with its bondholders that it will appropriate out of its income sufficient sums of money to pay interest and provide a sinking fund for the retirement of the bonds. It does not propose to mortgage its property in specie. It simply agrees to pay out of its income. How it can be said that this will be an obligation of the state, we cannot understand. This is simply a contract of the University to pay out of a designated fund when received. It is no more an obligation of the state than would be the obligation to pay the salaries of the University faculty. The mere fact that the University is the creature of the state and one of its instrumentalities to carry out its governmental functions is not controlling. The state has given the University certain property rights and has authorized it to make use of the same in a certain manner. This the University is proposing to do, and we can see no objection to the same.

[2] 2. The argument that these bonds when issued would be an incumbrance upon the lands in violation of section 10 of the enabling act would seem to be disposed of by what has heretofore been said.

[**3**]  3.  It is argued that the bonds will be invalid when issued because of a misnomer of the University in the act of 1927.  The act names the University as "the Board of Regents of the University of New Mexico," whereas the true name of the corporation is "the Regents of the University of New Mexico." See Section 5120, Code 1915.  It is to be noted in this connection that the words "the Board of Regents" and the words "the Regents" are used interchangeably in the act organizing the University.  Chapter 138, Laws 1889; section 5117 et seq., Code 1915.  Even if this were not so, this slight discrepancy in the corporate name of the corporation will not invalidate the contract with it, if it appears therefrom, or can be established by parol, what corporation made the contract.  1 Cook on Corps. § 742.  It is thus seen that the proposed action of the University is entirely legal and is to be approved.

It follows from all of the foregoing that the judgment of the court below is correct, and should be affirmed, and the cause remanded to the district court, and it is so ordered.

BICKLEY and WATSON, JJ., concur.